# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DENISE MONDAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| WAKE FOREST UNIVERSITY ) | |
| BAPTIST MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff, Denise Monday, hereby states and alleges the following:

## INTRODUCTION

1. This is an action for declaratory and injunctive relief and damages for violations of the Americans with Disabilities Act of 1990, *as amended,* 42 U.S.C. § 12101 *et. seq.* ("ADA"). Plaintiff brings these claims against her former employer, Atrium Health Wake Forest Baptist.

## PARTIES

2. The Plaintiff, Denise Monday, is a resident of Forsyth County, North Carolina. At all times pertinent to this action, Plaintiff was an "employee" of Defendant within the meaning and definition of the ADA.

3. The Defendant, Wake Forest University Baptist Medical Center, d/b/a Atrium Health Wake Forest Baptist ("Atrium"), is a North Carolina corporation located in Forsyth County, North Carolina. At all times pertinent to this action, Defendant was the "employer" of Plaintiff within the meaning and definition of the ADA.

## FACTS

4. Plaintiff was initially employed by Defendant in 2012 as a Registration Representative.

5. Plaintiff was promoted to a Registration Representative II on February 9, 2014.

6. On June 14, 2015, she was promoted to a Patient Servies Representative DI.

7. On January 1, 2016 Plaintiff was transferred to another department and promoted to Patient Service Coordinator.

8. On November 22, 2020, Plaintiff was promoted again to her position as Service Response Center Switchboard Operator.

9. During the entire period of her career, she was commended for her performance, and received incremental raises and bonuses based on the same.

10. Plaintiff's performance reviews reflected that she met or exceeded the reasonable expectations of her role.

11. On July 29, 2022, Plaintiff was in a serious car accident after hitting a tree to avoid a collision with deer.

12. Following the July 29, 2022 accident, Plaintiff suffered nerve pain and was diagnosed with post-concussive syndrome.

13. Due to the accident, Plaintiff was taken out of work and applied for and received leave under the Family Medical Leave Act ("FMLA").

14. Plaintiff's FMLA entitlement exhausted on or around September 23, 2022. At that point she was out of work under Defendant's short-term disability plan.

15. Plaintiff was written out of work from the date of her accident until on December 14, 2022, when her physician released her to return to work on December 29, 2022, with restrictions.

16. On December 15, 2022 Plaintiff informed Defendant of her release and sent a copy of her restrictions.

17. At that time, the restrictions included a fifteen minute break following each forty-five minute period of work.

18. On December 27, 2022, Defendant informed Plaintiff that they would not accommodate her restrictions.

19. Plaintiff and Defendants Human Resources department thereafter had a call to discuss her restrictions. During that call Plaintiff proposed a different set of accommodations which included reduced hours from 6:15 pm to midnight.

20. Defendant requested that Plaintiff provide those restrictions in writing from her doctor.

21. Plaintiff's doctor placed them in writing and Defendant received the second set of restrictions on or about January 2, 2023.

22. On January 3, 2023 Defendant filled Plaintiff's position.

23. On January 4, 2023 Defendant informed Plaintiff of the same at the same time informing her that the second set of restrictions would not be accommodated either.

24. Plaintiff was told that she could not return to work until she had no restrictions and that at that time she could find a new position; however, Defendant made no guarantees as to Plaintiff's pay or seniority.

25. Plaintiff and Plaintiff's physician indicated to Defendant that her restrictions would be evaluated every two weeks.

26. Plaintiff's physician further indicated that returning to work would be the next step in Plaintiff's healing process and that through returning to work, Plaintiff's health would improve until she would be able to return to full time work without restriction.

27. Defendant indicated that Plaintiff's restrictions would be an undue hardship.

28. Nevertheless, in July, 2023, Defendant did in fact accommodate the exact restrictions assigned to Plaintiff in January 2023.

29. At the time she returned to work, Plaintiff was required to repay associated health insurance premiums from the time she was out of work.

30. Following Plaintiff's return to work, as indicated by her physician, she quickly improved and began working full-time.

31. Plaintiff resigned her position with Defendant in September, 2024.

32. Plaintiff's physician has indicated that Defendant's refusal to allow Plaintiff to return to work in a timely fashion has caused her permanent damage.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

33. On or about February 2, 2023, Plaintiff filed a Charge of Discrimination (EEOC Charge No. 435-2023- 00373) with the Equal Employment Opportunity Commission ("EEOC") in the Greensboro Local Office alleging discrimination on the basis of her disability.

34. On February 27, 2025, the EEOC issued a determination finding that Defendant did not offer the Charging Party an alternative reasonable accommodation, did not engage

in the interactive process and failed to conduct any undue hardship analysis, ultimately finding that Defendant violated the ADA.

35. On March 12, 2025 the EEOC determined that its efforts to conciliate the charge were unsuccessful and issued a Notice of Right to Sue to Plaintiff with respect to her charge against Defendant.

36. Plaintiff has successfully exhausted all administrative prerequisites to the filing of this lawsuit.

## FIRST CLAIM FOR RELIEF
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

37. Plaintiff hereby incorporates the above paragraphs as if fully set forth herein.

38. The ADA requires that a qualified individual with a disability be reasonably accommodated to enable her to perform the essential functions of her job in the absences of some proof of undue hardship.

39. Plaintiff is a qualified individual with a disability in that she suffers from a brain injury which "substantially limits…major life activities of…concentrating, thinking, communicating, and working." 42 U.S.C. § 12102 (1)-(2).

40. Plaintiff was at all relevant times able to perform the essential functions of her job with Defendant with reasonable accommodations.

41. Defendant wrongfully and intentionally discriminated against Plaintiff because of her disability in violation of the ADA as follows:

    a. In failing to engage in a good-faith, reasonable interactive process to determine reasonable accommodations for Plaintiff; and,
    b. In refusing to allow her to return to work until she was free from restrictions.

42. As a proximate result of Defendant's illegal acts of disability discrimination against Plaintiff, Plaintiff has suffered substantial damages, including lost income and benefits and other economic losses; mental anguish and emotional distress; loss of reputation and quality of life; and other damages to be proven at trial.

43. Plaintiff is entitled to appropriate relief pursuant to the ADA, including compensatory damages and reasonable attorneys' fees and costs for her representation herein pursuant to 42 U.S.C. § 12117 (a).

44. Defendant engaged in disability discrimination against the Plaintiff with reckless indifference to her federally protected rights. Accordingly, Plaintiff is entitled to punitive damages pursuant to 42 U.S.C. § 1981a(b).

## PRAYER FOR RELIEF

The Plaintiff hereby requests that:

1. Plaintiff recover of Defendant back pay and restoration of all benefits;

2. Plaintiff recover of Defendant compensatory damages in excess of $75,000;

3. Plaintiff recover punitive damages in an amount to be determined by the jury;

4. That she be awarded the costs of this action, including reasonable attorneys' fees for her representation herein as required by 42 U.S.C. § 12117(a);

5. This Court award pre-judgment and post-judgment interest an all amounts recovered herein; and,

6. This Court grant such other relief as it deems just and appropriate.

Plaintiff hereby demands a trial by jury on all issues presented herein.

Attorney for Plaintiff

/s/ Elizabeth B. Hilker
Elizabeth B. Hilker (49083)
Attorney for Plaintiff
Elliot Morgan Parsonage PLLC
300 E. Kingston Avenue, Suite 200
Charlotte, NC 28203
Telephone:(704-707-3705)
Email: ehilker@emplawfirm.com